IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:94CR73 |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY JONES, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's "motion for reduction of sentence under 18 U.S.C. § 3582(c)(2)" (Filing No. 144). On July 20, 1994, an indictment was returned by the grand jury in Nebraska, charging the defendant with one count of possession of crack cocaine with intent to distribute. The defendant entered a plea of not guilty, and on April 3, 1995, his trial before a jury commenced in this Court.

On April 6, 1995, the case was submitted to a jury, and a verdict was returned on April 7, 1995, finding the defendant guilty of the crime charged in Count I of the indictment (See Filing No. 58). On November 17, 1995, the defendant was sentenced to a term of 360 months in prison, followed by ten (10) years of supervised release, and a special assessment (Filing No. 89).

The defendant subsequently filed a notice of appeal to the United States Court of Appeals, which affirmed the conviction and sentence of the defendant by an opinion filed on October 15, 1996 (Filing No. 110). On October 27, 1997, the defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or

correct his sentence (Filing No. 118).  On March 11, 1998, this Court filed an opinion (Filing No. 123), which denied defendant's § 2255 motion.  On November 4, 1999, the defendant filed a motion for new trial pursuant to Fed.R.Crim.P. 33 (Filing No. 129), and on December 2, 1999, this Court entered an order (Filing No. 131) denying defendant's motion for new trial.

On September 28, 2001, defendant filed a second § 2255 motion (Filing No. 138), which was denied on October 10, 2001 (Filing Nos. 139 and 140).  The present motion was filed on June 20, 2005.  Title 18, United States Code, § 3582(c) provides:

> The Court may not modify a term of imprisonment once it has been imposed except that --
>
> 2) in the case of a defendant who has been sentenced to a term of imprisonment based on the sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant . . . the Court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The defendant's motion is premised on the impact of the decision of the United States Supreme Court in *United States v. Booker*, 534 U.S. ___, 125 S.Ct. 738 (2005), in which the Supreme Court found that the mandatory provisions of 18 U.S.C. § 3553(b) requiring that a sentence be imposed within the guideline range were unconstitutional.  The Sentencing Commission has not

-2-

modified or changed the sentencing range that was applicable to the defendant under the guidelines, and the defendant's reliance on United States v. Booker, supra, with respect to the application of the above provisions of 18 U.S.C. § 3582 is misplaced.

The Court finds defendant's claims are without merit, and his motion will be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 12th day of August, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
    LYLE E. STROM, Senior Judge
    United States District Court